**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JOHNNIE SUTHERLAND, on his own behalf
and others similarly situated,

    Plaintiff,

v.                                        Case No. 8:06-cv-954-T-17TGW

RDK TRUCK SALES & SERVICE, INC.,
a Florida Corporation,

    Defendant.
_____/

## ORDER ON MOTION FOR SUMMARY JUDGMENT

This cause is before the Court on Defendant's Motion for Summary Judgment, filed on April 30, 2007 (Dkt. No. 47), and Plaintiff's Response thereto, filed May 16, 2007 (Dkt. No. 48). For the reasons set forth below, the Defendant's Motion for Summary Judgment is denied. The following facts are taken as true for the purpose of resolving the pending motion.

## BACKGROUND

Defendant corporation services and sells various refuse and garbage trucks to customers in the waste management industry. (Dkt. 47 at 3). Defendant is licensed to operate as an independent motor vehicle dealership in Florida and operates a tag and title office on the premises. (Dkt 47 at 3). Prior to sale, Defendant purchases used trucks (cab and chassis) in which it then installs hoists and other "add-on" equipment to the chassis. (Dkt 48-2 at 4). According to Defendant, hoists are a standard component for one 0f their refuse trucks. (Dkt 47 at 11). Other "add-on" equipment is optional and pursuant to customer specifications. (Dkt 47 at

1

11). Installing hoists includes such activities as drilling, bolting, using hand tools such as wrenches, some welding, and the use of a large frame drill which drilled through the frame of the truck. (Dkt. 47-5 at 8).

Plaintiff Sutherland was employed by the Defendant from approximately April 2003 to October 2005. It is undisputed that Plaintiff Sutherland's occupational title was "hoist installer." As such, Plaintiff Sutherland's duties included:

> (1) Installing hoists and "add-on" equipment, including tarps, fenders, and specialty packages to trucks; and
> (2) utilizing tools such as wrenches, pliers, and drills while installing this customized equipment.

Plaintiff Williams was employed by the Defendant for approximately six weeks during 2004. Plaintiff Williams' job title and duties are not clear based on the information provided to this Court, but included:

> (1) helping install hoists and "add-on" equipment;
> (2) utilizing tools such as welding equipment, wrenches, and drills while assisting with installing this "add-on" equipment;
> (3) sweeping floors;
> (4) cleaning the restrooms; and
> (5) retrieving parts from the parts department.

During their employment, both Plaintiffs allege they were not paid time and one-half for hours worked in excess of forty hours per workweek. Instead, Plaintiffs were paid their regular pay rate, or "straight time" for those excess hours every week. Based on this Claim, Plaintiff Sutherland filed suit alleging violation of the FLSA overtime provisions.[1]

---

[1] This claim was originally brought in the United States District Court for the Middle District of Florida, Fort Myers Division on March 15, 2006, case number 2:06-cv-132-FtM-29SPC, and the case was properly transferred to this Court on May 23, 2006.

## **STANDARD OF REVIEW**

Summary judgment is appropriate only if the Court determines "that there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court's determination that no genuine issue of material fact exists shall be based on the totality of the evidence presented in the "pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits submitted." Fed. R. Civ. P. 56(c).

Once the moving party has properly supported its motion for summary judgment, the non-moving party must go beyond the pleadings to show that a genuine issue exists for trial. *Celotex Corp.*, 477 U.S. at 324; *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). The non-moving party must then come forward with evidence sufficient to establish the existence of the essential elements of the party's case, and for which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322; *Hillburn v. Murata Elecs. N. Am., Inc.*, 181 F.3d 1220, 1225 (11th Cir. 1999).

When determining whether the moving party has met its burden, the Court accepts as true the non-movant's evidence, and all justifiable inferences are to be drawn in the non-movant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The question before the Court, then, is not whether the judge "thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." *Id*. at 252. However favorable that belief may be, the existence of a mere scintilla of evidence in support of the non-moving party's position will not be sufficient to defeat a motion for summary judgment. *Id*. Where the record, as a whole, cannot lead a rationale trier of fact to

find for the non-moving party, then there is no genuine issue to be resolved at trial, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), and summary judgment shall be granted. However, summary judgment may not be appropriate even where the parties agree on the basic facts, but disagree on the factual inferences that should be drawn from the facts. *Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983).

## DISCUSSION

"Generally, employers are required to pay employees overtime for hours worked in excess of forty hours per week." *Klinedinst v. Swift Investments, Inc.*, 260 F.3d 1251, 1254 (11th Cir. 2001). The FLSA states:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. §207(a)(1).

Both parties agree that Plaintiffs were compensated for every hour worked for Defendant corporation. In its motion, the Defendant argues that it is entitled to summary judgment because the overtime exemption found in Section 213(b)(10)(A) of the FLSA, the mechanic exemption, applies to the parties, thus exempting them from the FLSA's overtime requirements. (Dkt. 47 at 2). In their response, Plaintiffs argue that the mechanic's exemption does not apply because Plaintiffs are not mechanics and because Defendant corporation is engaged in manufacturing, thus removing the parties from the scope of the mechanics exemption. (Dkt. 48). To establish that the FLSA exemption applies to the Plaintiffs, thus exempting them from overtime pay, the Defendant corporation must show that they are a "nonmanufacturing establishment primarily

engaged in the business of selling to ultimate purchasers" and that the Plaintiffs are "mechanics" as defined under the FLSA.

      The FLSA mechanic exemption states:

> The provisions of section 207 of this title shall not apply with respect to any salesman, partsman, or mechanic primarily engaged in selling or servicing automobiles, trucks, or farm implements, if he is employed by a nonmanufacturing establishment primarily engaged in the business of selling such vehicles or implements to ultimate purchasers.

29 U.S.C. §213(b)(10)(A).

According to the Code of Federal Regulations, there are two requirements that must be met for the parties to fall under this exemption: (1)the Defendant must qualify as a "nonmanufacturing establishment primarily engaged in selling trucks to ultimate purchasers" ; and (2) the Plaintiffs must qualify as "mechanics" under the FLSA.  *Paneto,* 2007 U.S. Dist. LEXIS at *8.  The Code indicates that to qualify as a "nonmanufacturing establishment" an establishment must (1) not be engaged in manufacturing; and (2) must be primarily engaged in selling trucks to end users.  29 C.F.R §779.372(b).

      In making a determination as to whether a FLSA exemption applies it is important to note that "FLSA exemptions are to be 'narrowly construed against . . . employers' and are to be withheld except as to persons 'plainly and unmistakably within their terms and spirit.'" *Auer v. Robbins*, 519 U.S. 452, 462 (1997) (quoting *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392 (1960)).

      The Defendant corporation has submitted several declarations from various employees describing the work performed in installing hoists and other add-on equipment and several

5

affidavits indicating that the Defendant corporation is not engaged in manufacturing.  Plaintiff's do not dispute the testimony presented in these declarations as to the work Defendant corporation is engaged in; however, they do dispute the interpretation of this work as "nonmanufacturing," arguing instead that in fact it is manufacturing.  When parties agree to facts, but disagree as to factual inferences that should be drawn from those facts, summary judgment may not be appropriate. *Warrior Tombigbee Transportation Co.*, 695 F.2d at 1296.

In sum, the record is not clear as to whether the work Defendant corporation is engaged in is considered "manufacturing" or "nonmanufacturing" under the FLSA. While the Defendant corporation does not manufacture its products from scratch, it does take a used cab and chassis and add other parts to create a refuge truck to sell to customers.  More evidence is needed to determine whether this process of turning used trucks into refuge trucks is considered "manufacturing."  This is a question of fact that must be presented before a jury, thus summary judgment is not appropriate.

**CONCLUSION**

Viewing the facts in light most favorable to Plaintiffs, there is a genuine issue of material fact exists as to whether the FLSA mechanics exemption applies to the parties at hand. Accordingly, it is

**ORDERED** that the Defendant's Motion for Summary Judgment (Dkt. 47) be **DENIED**.

**DONE AND ORDERED** in Chambers at Tampa, Florida this 11th day of July, 2007.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record